UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____-Civ-_____/_____

JANITA MATHIS,

      Plaintiff,

vs.

CLASSICA CRUISE OPERATOR LTD. INC.,

      Defendant.
_____/

**COMPLAINT**

Plaintiff, Janita Mathis, sues Defendant, Classica Cruise Operator Ltd. Inc., and alleges:

**A. Case Summary**

1. This is a personal-injury/negligence action brought by a cruise-ship passenger against a cruise line after a slip-and-fall accident.

**B. Rule 9(h)(1) Designation: Diversity Jurisdiction**

2. The Plaintiff's claim for relief arises out of an accident that happened on a ship sailing in navigable waters, while the ship was engaged in an activity—pleasure cruising—bearing a substantial relationship to traditional maritime activity, so the Plaintiff's claim for relief falls within the court's admiralty/maritime jurisdiction.

3. But the Plaintiff's claim also falls within the court's subject-matter jurisdiction on diversity-of-citizenship grounds because:

    (a) the Plaintiff is a citizen of Florida;

    (b) the Defendant is a citizen of the Commonwealth of the Bahamas and the state of New York, as it is a corporation incorporated under the

        laws of the Commonwealth of the Bahamas and as its principal place of business is in New York; and

    (c) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.  So the Plaintiff designates her claim as one brought at law under the court's diversity-of-citizenship jurisdiction.

5.  But although this claim is brought at law rather than in admiralty, it is still governed by the general maritime law.

## C. Venue

6.  The Plaintiff has filed this case here because her cruise ticket contains a forum-selection clause that requires actions such as this to be filed in the United States District Court in Palm Beach, Florida. (The Plaintiff only reluctantly brings this case here: she wanted to bring this case in state court, as is her right under the "saving clause" of 28 U.S.C. § 1333(1), but the Defendant's forum-selection clause has forced her into federal court instead.)

## D. Two Counts of Negligence

### Count 1
### Defective Shower Drain / Slipping Hazard

7.  The Defendant, Classica Cruise Operator Ltd. Inc., owns and operates a cruise ship, the *Margaritaville at Sea Paradise*, that sailed out of West Palm Beach, Florida, on or about April 23, 2023, on a two-night cruise to the Bahamas.

8.  The Plaintiff, Janita Mathis, age 61, and her husband, Leo Mathis, were fare-paying passengers on that cruise.

9.  On the first night of the cruise (on or about April 23, 2023), Janita Mathis went into her cabin's bathroom to take a shower before bed.

10.  The shower is a stand-alone shower with a very small basin, just large

enough for one person to stand in. A hanging shower curtain completely encircles the shower.

11. As Ms. Mathis showered, she noticed that the water wasn't draining as it should but was rising around her feet.

12. When Ms. Mathis finished her shower, she parted the shower curtain and stepped out of the basin onto the bathroom floor.

13. On that first step out of the shower, Ms. Mathis's foot slipped out from under her as though she had stepped onto slippery ice, and she fell hard to the bathroom floor.

14. As she lay there, she saw that the floor around the shower had become wet with soapy shower water that had overflowed out of the shower basin and seeped onto the surrounding floor, making it extremely slippery.

15. Until that moment, Ms. Mathis hadn't realized that the basin had overflowed, as the shower curtain had blocked her view of the rest of the bathroom, including the floor around the shower, and she'd been completely unaware that the basin had overflowed while she was showering.

16. And when she parted the shower curtain and stepped out of the shower, she didn't notice that the floor was wet because the color of the floor obscured the wetness.

17. So when Ms. Mathis stepped out of the shower she thought she was stepping onto a dry floor but was actually stepping onto a wet floor that was made especially slippery by the mix of water, soap, shampoo, and conditioner.

18. When Ms. Mathis fell, she fractured her left ankle, and tore a ligament and tendon in that ankle. She also tore the rotator cuff of her left shoulder, and injured several intervertebral discs in her cervical spine and lumbar spine. The disc injuries are causing parts of the damaged discs to press on nerve roots, causing unrelenting pain. She has been receiving extensive medical treatment for the seven months since the accident and will need to continue with that care into the foreseeable future. Her doctors have told her she needs surgery in her lumbar spine. In summary, Janita Mathis has suffered bodily injury and resulting pain and

suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and Ms. Mathis will continue to suffer these losses in the future.

19. The Defendant was well aware—or by the exercise of reasonable care should have been well aware—that this ship had drain problems that would cause shower basins to overflow, as the drain problem afflicted many other drains in many other bathrooms on the ship, and those problems had been reported to the Defendant. The Mathises learned that fact because other passengers on their cruise told them that the same thing had happened in their bathrooms. And of course the crewmember who cleaned the Mathises' shower before the Mathises checked into their cabin must have run the shower water and would have seen that the water didn't drain properly. Further, a cousin of the Mathises went on the same ship for the same Bahamas cruise shortly after the Mathises' cruise, and a crewmember told her that water drainage was a constant problem on that ship.

20. The Defendant owed Janita Mathis and its other passengers a duty of reasonable care onboard ship.

21. The Defendant breached that duty by failing to eliminate this drain problem that caused a slipping hazard.

22. The Defendant's breach caused Janita Mathis's accident.

23. The Defendant's ship was sailing in navigable waters at the time of this accident, so this case is governed by the general maritime law.

24. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff, Janita Mathis, demands judgment against the Defendant for more than $75,000 in money damages, and costs, and the Plaintiff requests a jury trial.

## Count 2
## Failure to Warn of Slipping Hazard

25. The Defendant, Classica Cruise Operator Ltd. Inc., owns and operates a

cruise ship, the *Margaritaville at Sea Paradise*, that sailed out of West Palm Beach, Florida, on or about April 23, 2023, on a two-night cruise to the Bahamas.

26. The Plaintiff, Janita Mathis, age 61, and her husband, Leo Mathis, were fare-paying passengers on that cruise.

27. On the first night of the cruise (on or about April 23, 2023), Janita Mathis went into her cabin's bathroom to take a shower before bed.

28. The shower is a stand-alone shower with a very small basin, just large enough for one person to stand in. A hanging shower curtain completely encircles the shower.

29. As Ms. Mathis showered, she noticed that the water wasn't draining as it should but was rising around her feet.

30. When Ms. Mathis finished her shower, she parted the shower curtain and stepped out of the basin onto the bathroom floor.

31. On that first step out of the shower, Ms. Mathis's foot slipped out from under her as though she had stepped onto slippery ice, and she fell hard to the bathroom floor.

32. As she lay there, she saw that the floor around the shower had become wet with soapy shower water that had overflowed out of the shower basin and seeped onto the surrounding floor, making it extremely slippery.

33. Until that moment, Ms. Mathis hadn't realized that the basin had overflowed, as the shower curtain had blocked her view of the rest of the bathroom, including the floor around the shower, and she'd been completely unaware that the basin had overflowed while she was showering.

34. And when she parted the shower curtain and stepped out of the shower, she didn't notice that the floor was wet because the color of the floor obscured the wetness.

35. And the Defendant had failed to post any warnings concerning this hazard.

36. So when Ms. Mathis stepped out of the shower she thought she was

stepping onto a dry floor but was actually stepping onto a wet floor that was made especially slippery by the mix of water, soap, shampoo, and conditioner.

37. When Ms. Mathis fell, she fractured her left ankle, and tore a ligament and tendon in that ankle. She also tore the rotator cuff of her left shoulder, and injured several intervertebral discs in her cervical spine and lumbar spine. The disc injuries are causing parts of the damaged discs to press on nerve roots, causing unrelenting pain. She has been receiving extensive medical treatment for the seven months since the accident and will need to continue with that care into the foreseeable future. Her doctors have told her she needs surgery in her lumbar spine. In summary, Janita Mathis has suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and Ms. Mathis will continue to suffer these losses in the future.

38. The Defendant was well aware—or by the exercise of reasonable care should have been well aware—that this ship had drain problems that would cause shower basins to overflow, as the drain problem afflicted many other drains in many other bathrooms on the ship, and those problems had been reported to the Defendant. The Mathises learned that fact because other passengers on their cruise told them that the same thing had happened in their bathrooms. And of course the crewmember who cleaned the Mathises' shower before the Mathises checked into their cabin must have run the shower water and would have seen that the water didn't drain properly. Further, a cousin of the Mathises went on the same ship for the same Bahamas cruise shortly after the Mathises' cruise, and a crewmember told her that water drainage was a constant problem on that ship.

39. The Defendant owed Janita Mathis and its other passengers a duty of reasonable care onboard ship.

40. The Defendant breached that duty by failing to warn Janita Mathis about the hazard created by this drain problem.

41. The Defendant's breach caused Janita Mathis's accident.

42. The Defendant's ship was sailing in navigable waters at the time of this accident, so this case is governed by the general maritime law.

43. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff, Janita Mathis, demands judgment against the Defendant for more than $75,000 in money damages, and costs.

### E. Request for Jury Trial

The Plaintiff requests a jury trial.

Dated: November 13, 2023

Respectfully submitted,

David W. Singer (FL Bar No. 306215)
dsingeresq@aol.com
Peter G. Walsh (FL Bar No. 970417)
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL 33020
954-920-1571
Attorneys for Plaintiff, Janita Mathis