UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-81479-CIV-CANNON/McCabe

**JANITA MATHIS**,

    Plaintiff,

v.

**CLASSICA CRUISE OPERATOR LTD. INC**,

    Defendant.
_____/

### ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion") [ECF No. 13]. Following referral [ECF No. 21], Magistrate Judge Ryon M. McCabe issued a Report (the "Report"), recommending denial of the Motion [ECF No. 26]. Defendant timely filed objections to the Report [ECF No. 27]. Plaintiff did not file objections but responded to Defendant's objections [ECF No. 28]. The Court has reviewed the Report [ECF No. 26], Defendant's objections [ECF No. 27], Plaintiff's response to Defendant's objections [ECF No. 28], and the full record. Upon review, the Report [ECF No. 26] is **ACCEPTED**, and the Motion [ECF No. 13] is **DENIED**.

### RELEVANT BACKGROUND[1]

The Court restates the essential allegations for ease of understanding.

This case arises out of a slip-and-fall that occurred on Defendant's cruise ship. On or about April 23, 2023, Plaintiff embarked on a two-night cruise aboard Defendant's vessel

---

[1] For purposes of this Order, the allegations in the Amended Complaint [ECF No. 11] are accepted as true.

[ECF No. 11 ¶ 7]. Plaintiff took a shower in her cabin's bathroom on the first night of the cruise [ECF No. 11 ¶ 9]. The stand-alone shower consisted of a small basin that was encircled by a shower curtain [ECF No. 11 ¶ 10]. While showering, Plaintiff noticed that the water was not draining properly as it began to rise around her feet [ECF No. 11 ¶ 11]. Plaintiff stepped out of the shower basin onto the bathroom floor and immediately fell [ECF No. 11 ¶¶ 12–13]. As she laid on the bathroom floor, Plaintiff noticed that the floor had become "wet and soapy" due to overflow from the shower basin [ECF No. 11 ¶ 14]. The fall resulted in injuries [ECF No. 11 ¶ 18].

Plaintiff brings the following claims for negligence against Defendant:

- Count I – Direct Liability for Defective Shower Drain/Slipping Hazard
- Count II – Direct Liability Failure to Warn of Slipping Hazard
- Count III – Vicarious Liability for Crewmember's Negligence when Cleaning Shower
- Count IV – Vicarious Liability for Crewmember's Failure to Warn

[ECF No. 11 ¶¶ 7–80].

In addition to the facts above, Plaintiff alleges the following: (1) prior to the cruise, an unknow crewmember was required to clean the shower basin, which included running the water in the shower; (2) the unknown crewmember should have known the water was not draining properly when cleaning the shower; (3) other passengers on the cruise told Plaintiff's husband that their cabin's showers were also not draining; and (4) on a later cruise on Defendant's vessel, a crewmember admitted to Plaintiff's cousin that water drainage was a "constant problem on that ship" [ECF No. 11 ¶¶ 19, 38].

Defendant seeks dismissal of Plaintiff's First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [ECF No. 13]. As to Counts I and II, Defendant argues that Plaintiff has not sufficiently alleged that Defendant had either actual or

constructive knowledge of the dangerous condition created by the faulty shower drain [ECF No. 13 pp. 3–10]. Defendant also argues that Counts III and IV, which are based on a crewmember's alleged negligent maintenance of the cruise ship and failure to warn, cannot proceed on a theory of vicarious liability [ECF No. 13 pp. 10–13].

The Report considers Defendant's arguments comprehensively and ultimately determines that the Motion should be denied in its entirety and that all four of Plaintiff's claims should be permitted to proceed [ECF No. 26]. The Report is ripe for adjudication [ECF Nos. 27, 28].

## LEGAL STANDARDS

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable

3

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 545).

## DISCUSSION

### I. Counts I and II – Direct Liability

Defendant argues that Counts I and II must be dismissed for failure to plead Defendant's actual or constructive knowledge of the risk-creating condition [ECF No. 13]. Defendant cites to several maritime negligence cases in which courts found insufficient allegations of notice related to the risk-creating condition [ECF No. 13 pp. 3–10; ECF No. 27 pp. 9–11]. The Report distinguishes these authorities as concerning "one-time" hazards such as a spilled drink, ultimately concluding that Plaintiff's allegations, by contrast, permit a reasonable inference that Defendant was on notice of shower drainage problems causing overflowing shower basins [ECF No. 26 pp. 3–5; ECF No. 26 p. 4 n.1].

Defendant objects to the Report's conclusion as to Counts I and II, generally reiterating its position that Plaintiff has not alleged facts plausibly establishing that Defendant had notice of the faulty shower drains or that the faulty shower drains created a hazard [ECF No. 27]. Upon de novo examination of Plaintiff's Complaint, the Court agrees with the Report's evaluation. Plaintiff alleges that: (1) the crewmember who cleaned Plaintiff's shower was required to run the shower water prior to her use; (2) other passengers were experiencing water drainage issues in their showers; and (3) a crewmember admitted to Plaintiff's cousin on a later cruise that "water drainage was a constant problem on that ship" [ECF No. 11 ¶¶ 19, 38]. While it is true that Plaintiff's allegations do not pinpoint with specificity the exact point at which the drainage issue came into being or otherwise specify the precise timing underlying the referenced experiences/knowledge of

4

the other passengers or the crewmember's reference to a "constant problem" [*see* ECF No. 27], the Court is satisfied that Plaintiff's allegations state a plausible claim for direct-liability negligence against Defendant when viewed in their totality [ECF No. 11 ¶¶ 19, 38].

Defendant also takes issue with the Report's reliance on Plaintiff's allegation that a crewmember ran the shower in Plaintiff's cabin prior to her use, characterizing that allegation as purely speculative evidence of notice [ECF No. 27]. That allegation, standing alone, does appear to assume the presence of a dangerous condition. But the Report does not rely exclusively on that fact as plausibly indicating notice. Nor does this Court. In any event, the allegation works in tandem with Plaintiff's other allegations to plausibly make a case of notice, for the reasons stated in the Report. And, contrary to Defendant's objection, Plaintiff does allege that the overflowing shower basin and the resultant wet floor created a dangerous condition [ECF No. 11 ¶ 21 (alleging Defendant breached its duty by failing to eliminate the "slipping hazard" caused by the drainage issue); ECF No. 11 ¶ 35 (alleging Defendant failed to post warnings concerning the "hazard" caused by the drainage issue)].

In sum, as the Report correctly concludes, the Complaint contains sufficient factual allegations regarding Defendant's constructive notice of the faulty water drainage [ECF No. 11 ¶¶ 19, 38; *see* ECF No. 28 pp. 10–14]. Counts I and II may proceed at this stage.

II.  **Counts III and IV – Vicarious Liability**

Defendant next objects to the Report's assessment of Counts III and IV, reiterating its position that *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164 (11th Cir. 2021), bars Plaintiff from proceeding on a theory of vicarious liability. According to Defendant, Counts III and IV really amount to direct liability claims disguised as vicarious liability claims, all in an effort to avoid the

requirement of pleading Defendant's notice [ECF No. 27 pp. 4–9]. Upon review, the Court agrees with the Report that *Yusko* does not provide a basis for dismissal of Counts III and IV at this stage.

Unlike claims proceeding on a theory of direct liability, vicarious liability claims do not require proof of actual or constructive notice, making vicarious liability claims easier to plead. *Yusko v. NCL (Bahamas) Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021); *Swain v. Carnival Corp.*, No. 23-22973, 2024 WL 552196 at *3 (S.D. Fla. Feb. 12, 2024). *Yusko* discusses the conceptual distinction between direct and vicarious liability claims. 4 F.4th at 1169–70. The former type of claim seeks to hold the principal liable for its own negligence; the latter seeks to hold the otherwise non-negligent principal liable for the acts of its agents that are within the scope of the agent's employment. *Id.* at 1169. The Report notes that, in the context of an organizational principal that necessarily acts only through its agents, a vicarious liability claim is appropriately targeted at a specific, identifiable agent, while direct liability claims are appropriate where there is a broader pattern of negligence that cannot be attributed to a single agent [ECF No. 26 p. 7 (citing Restatement (Third) of Agency § 7.03 (2006))]. Despite the conceptual tension between these different theories of liability where maintenance of a premises is at issue, *Yusko* notes that plaintiffs are the "masters" of their complaints and "may choose to proceed under a theory of direct liability, vicarious liability, or both." 4 F.4th at 1170.

Defendant reads the *Yusko* decision and other cases as requiring a blanket ban on vicarious liability claims that relate to "maintaining a dangerous premises" [ECF No. 27 pp. 4–9]. Defendant draws attention to an apparent conflict between direct and vicarious liability claims against one principal defendant when both claims arise from the same negligent maintenance of a premise. Put another way, how can a single agent be negligent for failing to cure or warn the plaintiff of a dangerous condition (i.e., vicarious liability), on the one hand, while on the other hand, the

principal is being held liable for a broader pattern of conduct resulting in a dangerous condition that is not attributable to one specific agent (i.e., direct liability) [*see* ECF No. 27 pp. 8–9]? Defendant relies on the following passage from *Yusko* for this argument:

> A plaintiff is the master of his or her complaint and may choose to proceed under a theory of direct liability, vicarious liability, or both. It may be true that, in some cases, it will easier for a passenger to proceed under a theory of vicarious liability than under one of direct liability. But common sense suggests that there will be just as many occasions where passengers are limited to a theory of direct liability. Sometimes, as in *Keefe*, a passenger will not be able to identify any specific employee whose negligence caused her injury. *In other cases, a passenger will seek to hold a shipowner liable for maintaining dangerous premises* (as in *Everett*), for failing to warn of dangerous conditions off-ship (as in *Chaparro*), or for negligence related to the actions of other passengers (as in *K.T.*). Accordingly, we are confident that the notice requirement will have a robust field of operation despite our decision not to extend it to vicarious liability.

*Yusko*, 4 F.4th at 1170 (emphasis added).

Having assessed Defendant's arguments, the Court agrees with the Report. Although Counts III and IV clearly relate to the issue of overall ship maintenance and to the ship-wide allegations of faulty drainage, Counts III and IV as pled are based on a specific crewmember's alleged negligence in failing to warn Plaintiff of the faulty drainage or otherwise cure it [ECF No. 11 ¶¶ 44–80]. Counts III and IV also appear to be pleaded as an alternative to Counts I and II, because Plaintiff does not reallege the broader ship-wide allegations in the later counts [ECF No. ¶¶ 44–80]. Whether Plaintiff can produce evidence that independently supports a cause of action related to the individual crewmember's negligence is a question better reserved for summary judgment. Moreover, as *Yusko* states, Plaintiff is the "master" of her complaint, leaving her free to pursue claims on theories of "direct liability, vicarious liability, or both." 4 F.4th at 1170; *Hunter v. Carnival Corp.*, 609 F. Supp. 3d 1305, 1310 (S.D. Fla. 2022). Finally, to the extent Plaintiff's claims are in tension with each other, a reading of *Yusko* that permits Plaintiff to simultaneously plead negligence claims based on direct and vicarious liability is bolstered by

CASE NO. 23-81479-CIV-CANNON/McCabe

Federal Rule of Civil Procedure 8(d)(2), which allows plaintiffs to plead contradictory claims in the alternative. Fed. R. Civ. P. 8(d)(2); *see, e.g.*, *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009). Counts III and IV survive dismissal.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 26] is **ACCEPTED**.

2. Defendant's Motion to Dismiss [ECF No. 13] is **DENIED**.

3. Defendant shall file an answer to Plaintiff's Amended Complaint [ECF No. 11] on or before **August 19, 2024**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 1st day of August 2024.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record